IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20335
_____

FRIENDS OF THE EARTH, INC.,

Plaintiff-Appellant,

versus

PHIBRO ENERGY, U.S.A., ET AL.,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Texas
(CA-H-94-2082)
_____
April 18, 1996
Before JOLLY, DAVIS, and EMILIO M. GARZA, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:[*]

The plaintiff, Friends of the Earth, Inc. ("Friends"), appeals the district court's summary judgment for the defendant, Phibro Energy USA, Inc. ("Phibro"), in this citizen suit under section 505 of the Federal Water Pollution Control Act (the "Act"), 33 U.S.C. § 1365. The district court granted summary judgment on the basis of a consent agreement between Phibro and the Environmental Protection Agency (the "EPA") stemming from an administrative penalty action commenced against Phibro under section 309(g) of the Act, 33 U.S.C. § 1319(g), almost one month after Friends filed this

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

citizen suit. Concluding that the district court abused its discretion by failing to afford Friends additional discovery before summary judgment, we reverse and remand for additional proceedings.

I

Phibro owns and operates a petroleum refinery in Houston, Texas. A National Pollution Discharge Elimination System ("NPDES") permit issued to Phibro by the EPA authorized Phibro to discharge from its refinery into the Houston Ship Channel waste water and storm water that contained limited quantities of certain pollutants. Phibro's discharge monitoring reports ("DMRs") and noncompliance reports, filed with the EPA pursuant to section 308 of the Act, 33 U.S.C. § 1318, for the period from January 1989 through March 1994 showed over seventy discharge violations, i.e., discharges containing pollutants in excess of Phibro's NPDES permit levels.

Friends sent a letter on April 19, 1994, to the EPA, the Texas Natural Resource Conservation Commission, and Phibro giving notice of the violations and its intent to file a citizen suit.[1] Friends filed a citizen suit under § 1365 on June 20 in district court in the Southern District of Texas against Phibro for repeated violations of the terms and conditions of its NPDES permit. Phibro

---

[1]The citizen suit provision of the Act requires that a citizen provide notice of the alleged violation to the EPA, the state in which the alleged violation occurred, and the alleged violator, at least sixty days before commencing suit. 33 U.S.C. § 1365(b)(1)(A) (1994).

violated its NPDES permit again two days after Friends filed its complaint. The EPA commenced an administrative penalty action under § 1319(g) against Phibro for many of the same violations included in the Friend's suit on July 18.

On September 6, Phibro moved to dismiss Friends' complaint under rule 12(b)(6) of the Federal Rules of Civil Procedure, or, alternatively, for a stay pending the completion of the EPA's administrative proceeding against Phibro. Friends responded to Phibro's motion by contending that it was actually a motion for summary judgment because Phibro relied on evidence outside of the pleadings to support its motion. Friends argued that it was entitled to a "reasonable opportunity to present all materials pertinent to such a motion by Rule 56." Friends also filed an affidavit pursuant to rule 56(f) of the Federal Rules of Civil Procedure declaring that it needed to conduct discovery in order to respond adequately to Phibro's motion. On October 28, the district court denied Phibro's motion for a stay without a written opinion.[2]

On October 4, Friends submitted formal discovery requests to Phibro. Phibro responded on November 23, but objected to a large portion of Friends' discovery attempts and failed to provide responsive information and documents in numerous areas. On January 6, 1995, Friends filed a motion to compel Phibro to respond to its discovery requests. Friends filed an extensive brief in

---

[2]The district court's order did not address the motion to dismiss.

support of its motion detailing its need for a motion to compel discovery. Phibro responded on February 3 with a motion to stay discovery.

On December 20, 1994, the EPA settled the administrative proceeding against Phibro by issuing a formal consent agreement and order. The EPA stated in the consent agreement that "the cited violations were not the result of ongoing conditions for which injunctive relief is necessary." Relying on the EPA administrative proceeding and this statement in the consent agreement, Phibro moved for summary judgment on February 3, 1995. Friends did not file a formal rule 56(f) affidavit with its response to Phibro's summary judgment motion. In its brief in response to Phibro's summary judgment motion, however, Friends detailed its attempts at discovery, including the rule 56(f) affidavit filed in September 1994, its initial discovery requests in October 1994, Phibro's response in November 1994, and its outstanding motion to compel. The district court granted summary judgment to Phibro on March 30, 1995, without ruling on Friends' motion to compel.

Specifically citing the statement contained in the consent agreement, that "the cited violations were not the result of ongoing conditions for which injunctive relief is necessary," the district court stated that "[a] review of the EPA's Consent Order and the record evidence illustrates that Phibro does not have ongoing conditions that constitute a violation." The district court offered no further explanation of the record evidence

-4-

detailing the reasons for its finding. Relying on the Supreme Court's decision in <u>Gwaltney of Smithfield v. Chesapeake Bay Foundation, Inc.</u>, 484 U.S. 49, 108 S.Ct. 376 (1987), the district court thus ruled that Friends' "claims fail as they are for past violations."

The district court also relied on our decision in <u>Hamker v. Diamond Shamrock Chemical Co.</u>, 756 F.2d 392 (5th Cir. 1985), to dispose of the few remaining violations alleged by Friends that did not appear in the EPA's complaint. <u>Hamker</u> declared that the Act "does not permit the citizen to <u>duplicate</u> the Administrator's powers." <u>Id.</u> at 395.[3] Comparing the two complaints, the court found that the claims were duplicative. Without further elaboration, the court granted summary judgment because "those claims asserted in [Friends'] complaint, which are not in the EPA's complaint, were either considered by the EPA and determined to be insignificant or, alternatively, not worthy of consideration."

---

[3]We decided <u>Hamker</u> before the Water Quality Act of 1987 added subsection (g) to § 1319. Subsection (g) allows the EPA to impose administrative penalties on violators of the Act without commencing a civil action in district court. 33 U.S.C. § 1319(g) (1994). Section 1319(g)(6) addresses the effect of an administrative penalty action on citizen suits under § 1365. If the EPA has commenced and is "diligently prosecuting" an administrative action, or if the EPA has "issued a final order not subject to further judicial review and the violator has paid the assessed penalty," the same violations cannot be the subject of a civil penalty action under § 1365. 33 U.S.C. § 1319(g)(6)(A) (1994). If the civil penalty action was filed before the commencement of the administrative action, however, the administrative action, or its resolution, does not bar the earlier-filed civil penalty action. 33 U.S.C. § 1319(g)(6)(B) (1994).

We need not reach the substantive issues raised by the parties in their briefs and at oral argument, including those relating to the district court's jurisdiction, because we find that the district court abused its discretion by failing to grant a continuance of the summary judgment proceeding to allow Friends to conduct additional discovery.[4]

A

Rule 56 of the Federal Rules of Civil Procedure expressly prohibits the non-moving party from "rest[ing] upon mere allegations or denials of the adverse party's pleading" when the moving party moves for summary judgment and supports its motion as provided by rule 56. Fed.R.Civ.P. 56(e). If the non-moving party fails to answer by counter affidavits or otherwise, demonstrating specific facts showing there exists a genuine issue for trial, the court must, if otherwise appropriate, enter summary judgment for the moving party. Fed.R.Civ.P. 56(e). Rule 56(f) provides a method for the non-moving party to avoid the mandate of rule 56(e):

> Should it appear from the affidavits of a party opposing
> the motion that the party cannot for reasons stated
> present by affidavit facts essential to justify the

---

[4]Although an inquiry into the basis for subject matter jurisdiction normally constitutes the first step of the appellate review process, when the record is insufficiently developed because a plaintiff has been denied the opportunity to develop facts "in a manner that is adequate in the context of the disputed issues and evidence," Williamson v. Tucker, 645 F.2d 404, 414 (5th Cir.), cert. denied, 454 U.S. 897, 102 S.Ct. 396 (1981), we will remand for further development of the record.

party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as just.

Fed.R.Civ.P. 56(f). "Such `continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course' unless `the non-moving party has not diligently pursued discovery of the evidence.'" Wichita Falls Office Associates v. Banc One Corp., 978 F.2d 915, 919 n.4 (5th Cir. 1992) (quoting International Shortstop, Inc. v. Rally's Inc., 939 F.2d 1257, 1267 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S.Ct. 936 (1992)), cert. denied sub nom., Bank One, Texas, N.A. v. Wichita Falls Office Associates, 508 U.S. 910, 113 S.Ct. 2340 (1993). The district court's decision to deny additional discovery before summary judgment is reviewed for abuse of discretion. Id. at 918.

Friends was entitled to receive a continuance for additional discovery if it:

(i) requested extended discovery prior to the court's ruling on summary judgment; (ii) placed the district court on notice that further discovery pertaining to the summary judgment motion was being sought; and (iii) demonstrated to the district court with reasonable specificity how the requested discovery pertained to the pending motion.

Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1291 (5th Cir.) (citations omitted), cert. denied sub nom., Enplanar, Inc. v. West, ___ U.S. ___, 115 S.Ct. 312 (1994). As to the first two elements, we can review a claim of improperly denied discovery only if the

-7-

complaining party presented to the district court a rule 56(f) affidavit or an "equivalent statement preferably in writing that conveys the need for additional discovery in the areas now complained of on appeal." Id. at 1291-92 (internal quotations and citations omitted).

Although Friends did not file a formal rule 56(f) affidavit with its response to Phibro's summary judgment motion, it made an "equivalent statement" in writing. In its brief in response to Phibro's summary judgment motion, Friends declared:

> Moreover, plaintiff submitted an affidavit under Rule 56(f) of the Federal Rules of Civil Procedure setting forth the discovery plaintiff needed in order to respond adequately as to whether defendant's violations were actually ongoing. Rule 56(f) Affidavit of Robert D. Parrish, September 23, 1994, attached as Pl. Ex. 4 to Pl. Res. Br. Since that time, plaintiff has not had a fair opportunity for discovery. While plaintiff submitted requests to produce and requests for admissions on November 23, 1994, defendant's responses were totally inadequate. See Plaintiff's Brief in Support of its Motion to Compel Defendant to Respond to Discovery, January 6, 1995, pp. 5-7. Plaintiff therefore moved to compel. Instead of filing a response to plaintiff's motion to compel, defendant has filed a motion for a stay based on its motion for summary judgment. . . . Defendant has refused to produce documents needed to show the full extent of defendant's violations and the underlying causes of those violations. Thus, defendant is in effect claiming that it is entitled to have this Court resolve the merits of its arguments under Gwaltney that its violations were not ongoing at the time of the complaint without allowing plaintiff reasonable discovery as to the relevant facts.

Friends' brief in support of its motion to compel, cited in its brief opposing summary judgment, clearly described Friends' need for the additional discovery. Phibro objected to any discovery

request that did not involve documents that were generated on the day of an alleged violation or generated directly in response to an alleged violation; Friends was thus unable to determine if Phibro had violated its permit on more occasions than it had reported on its publicly available DMRs, whether Phibro had complied with its monitoring and reporting requirements, or whether Phibro's remedial efforts had been sufficient to reduce the risk of future violations. Nevertheless, the district court did not rule on that motion before granting Phibro summary judgment. The district court effectively denied that motion, however, when it granted summary judgment to Phibro. Given the district court's stated grounds for summary judgment--that there were no ongoing conditions constituting a violation of the Act, that Friends' complaint duplicated the EPA's administrative penalty action, and that any complaints not covered by EPA's action were unworthy of consideration--the discovery requests covered by Friend's motion to compel were clearly germane to the summary judgment determination. The record also reveals Friend's diligence in pursuing discovery and its satisfaction of the requirements for a continuance. The district court thus clearly abused its discretion. See Wichita, 978 F.2d at 920 ("[W]hen a party is seeking discovery that is germane to the pending summary judgment motion it is inequitable to pull out the rug from under them by denying such discovery").

B

Even if Friends somehow failed to make a proper response to Phibro's summary judgment motion, summary judgment must be denied if the moving party fails to "inform[] the district court of the basis for its motion, and identify[] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Stults v. Conoco, Inc., 76 F.3d 651, 655-56 (5th Cir. 1996) (internal quotations and citation omitted). We are not convinced that Phibro met its initial responsibility because the summary judgment evidence it submitted showed that there was a genuine issue as to a material fact. First, the EPA's "Proposal to Assess a Class I Penalty," submitted along with Phibro's summary judgment motion, clearly indicates that there was a post-complaint violation of the effluent limitation in its NPDES permit on June 22, 1994. Second, the statement in the consent agreement upon which Phibro relies does not indicate that there were no ongoing conditions. Instead, it appears to be a legal conclusion on the part of the EPA that ongoing conditions, if any, did not warrant injunctive relief. The fact that injunctive relief is not warranted in the eyes of the EPA does not mean that there are no ongoing conditions that would satisfy the jurisdictional requirements under § 1365(a) or Friends' ultimate burden of proving a continuous or intermittent violation as an element of its cause of action. See Gwaltney, 484 U.S. at

64-67, 108 S.Ct. at 385-86 (discussing jurisdictional requirements), <u>Carr v. Alta Verde Industries, Inc.</u>, 931 F.2d 1055, 1061-66 (1991) (discussing jurisdictional requirements and plaintiff's ultimate burden of proof).

## III

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND for further proceedings not inconsistent with this opinion.

REVERSED and REMANDED.[5]

---

[5]Because of the result we reach today, we find it unnecessary to consider the effect of a duplicative administrative penalty action on an earlier-filed citizen suit, specifically, a civil penalty action. We note, however, that the later-filed administrative action does bar outright the earlier-filed civil penalty action. <u>See</u> <u>supra</u> note 3.